IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DEBRA D. THACH,<br><br>         Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>         Defendant. | Case No. 1:10-CV-136-SA<br><br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

　　　Before the Court is an action filed by Plaintiff, Debra D. Thach, asking the Court to reverse the final agency decision denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 401-434. The Administrative Law Judge ("ALJ") found that Ms. Thach was capable of performing her past relevant work and therefore was not disabled as defined by the Act. Ms. Thach seeks an order reversing the Commissioner's final decision and ordering the payment of benefits; in the alternative, Ms. Thach seeks to have this case remanded for further administrative proceedings.

　　　The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. *See*

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (citation omitted), and "requires more than a scintilla but less than a preponderance," *Lax*, 489 F.3d at 1084.  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *See Lax*, 489 F.3d at 1084.

Having carefully reviewed and considered the ALJ's decision, the record, and the parties' pleadings, the Court affirms the ALJ's decision.  The Court concludes that the ALJ's decision is not legally erroneous and is supported by substantial evidence.

## BACKGROUND

Ms. Thach filed for DIB in March 2006, alleging disability as of May 2003.  (Doc. 18, the certified copy of the transcript of the entire record of the administrative proceedings relating to Debra D. Thach (hereafter "AR __") 124-28, 138-40.)  After her application was denied initially (AR 84-85) and upon reconsideration (AR 86), Ms. Thach requested a hearing before an ALJ.  Following a hearing before an ALJ (AR 24-83), the ALJ issued a decision finding that Ms. Thach was not disabled within the meaning of the Act during the relevant time period (AR 8-23).  The Appeals Council denied Ms. Thach's request for review (AR 1-

7), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 20 C.F.R. § 404.981.

After receiving the Appeals Council's February 19, 2010 letter, Ms. Thach filed her complaint in this Court on August 17, 2010, and the case was assigned to United States Magistrate Judge Samuel Alba. (Doc. 1.)  On January 24, 2011, and February 7, 2011, the parties consented to United States Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c).  (Doc. 15.)

Ms. Thach filed a motion for judgment on the pleadings on May 9, 2011.  (Doc. 23.)  The Commissioner filed his response brief on July 13, 2011 (Doc. 28).  Ms. Thach filed her reply brief on August 10, 2011.  (Doc. 29.)

## ANALYSIS

Ms. Thach makes two main arguments in support of her motion. First, Ms. Thach argues that the ALJ should have found that Ms. Thach had a somatoform disorder "as a separate and distinct mental impairment that would differently impact the ability to engage in the requirements of work activity on a sustained basis as described by Dr. Charlat."  (Doc. 23, at 14.)  Second, Ms. Thach argues "the ALJ failed to give 'good reasons' for rejecting the opinions of Dr. Stelter and Dr. Goncharova."  (*Id.* at 20.) The Court examines each of these arguments in turn.

**A.   Somatoform Disorder**

The Court first turns to Ms. Thach's argument that the ALJ should have found Ms. Thach had a somatoform disorder.  In her original brief, Ms. Thach cites to the third paragraph of the ALJ's findings of fact and conclusions of law when making this argument.  (Doc. 23, at 8-9.)  Consequently, it appears to the Court, as it apparently did to the Commissioner, that Ms. Thach's argument is challenging the ALJ's finding at step two of his analysis.  The Court has considered this apparent challenge to step two of the ALJ's analysis, but is unpersuaded to remand this case based on that challenge.  As the Tenth Circuit has held, any error at step two of the analysis was harmless where the ALJ determined that the claimant could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation process.  *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008).  As the Commissioner explains in his brief, step two is a threshold inquiry, and is designed to "weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring).  Because the ALJ found severe impairments existed, the threshold inquiry was satisfied and he continued to the remaining steps of the sequential evaluation process.  Any error made by the ALJ at step two was harmless.

Ms. Thach clarifies in her reply brief that she is challenging more than just step two of the sequential evaluation process; Ms. Thach explains that she is arguing that the ALJ failed to properly consider the opinions of Richard Charlat, M.D. with respect to the presence of a somatoform disorder at step three.  (Doc. 29, at 4.)  At step three of the sequential evaluation process, the ALJ must determine the medical severity of the claimant's impairment and whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), (e) and 404.1525.

Having carefully examined the pleadings and record, the Court rejects Ms. Thach's challenge to the ALJ's findings at step three.  Ms. Thach does not explain in any coherent or detailed way how extra consideration of her somatoform disorder would change the ALJ's step three finding.  Dr. Charlat did not opine as to any specific functional limitations resulting from the somatoform disorder that the ALJ failed to consider in assessing Ms. Thach's work-related abilities.

In determining the extent of a claimant's limitations, the ALJ considers all medically determinable impairments, including those that are not "severe."  *See* 20 C.F.R. § 404.1545(a)(2).  In fact, the ALJ acknowledged that Dr. Charlat had diagnosed Ms. Thach with a somatoform disorder.  (AR 20.)  Ms. Thach has not

5

directed the Court to any evidence supporting that Ms. Thach's ability to perform basic work activities was impacted by the alleged somatoform disorder beyond the limitations the ALJ already identified.  Thus, the Court rejects Ms. Thach's argument.

### B.  Treating Physician Opinions

The Court next examines Ms. Thach's argument that the ALJ failed to give "good reasons" for rejecting the opinions of Dr. Stelter and Dr. Goncharova.

When evaluating "medical opinion" evidence, the ALJ must determine how much weight to give each opinion.  *See* 20 C.F.R. § 404.1527.  The ALJ considers the following factors: (1) whether the medical source examined the claimant; (2) the length, nature and extent of any treatment relationship, including the treatment provided and the examination or testing performed; (3) the degree to which the opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether the rendering source is a specialist in the area upon which an opinion is rendered; and (6) other factors which tend to support or contradict the opinion.  *See* 20 C.F.R. § 404.1527(d).  The ALJ need not expressly apply each of these factors in deciding what weight to give an opinion; not every factor applies in every case.  *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).  Rather, the ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the

6

adjudicator gave to the . . . opinion and the reasons for that weight.'" *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96-2p, 1996 WL 374188, at *5).

A doctor's opinion can be rejected if it is brief, conclusory, and unsupported by medical evidence. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Additionally, under the regulations, an opinion that a claimant is "disabled" is not a medical opinion, but an opinion on an issue reserved to the Commissioner. See 20 C.F.R. § 416.927(e)(1). Nevertheless, the ALJ must consider such opinions and apply the relevant factors in 20 C.F.R. § 416.927(d). *See* Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *3.

### 1. Dr. Stetler

The Court first examines Ms. Thach's argument in terms of Dr. Stetler. Dr. Stetler opined that Ms. Thach could not tolerate even "low stress" work (AR 1527). He stated that, although Ms. Thach had a fair prognosis as to her physical conditions, he believed that Ms. Thach's "psychiatric component renders her unable to maintain functional employment." (AR 1528.) Dr. Stetler also opined that Ms. Thach could not tolerate full-time work activity, would require frequent postural changes, and would be absent from work more than four days monthly. (AR 1524-35.)

In discounting Dr. Stetler's opinions, the ALJ notes, while citing to the AR, that (1) Dr. Stetler's opinions were not

7

consistent with the other record evidence, (2) Dr. Stetler's own treatment notes did not contain any objective evidentiary support, (3) Dr. Stetler did not cite to any objective evidence in rendering his opinions, and (4) Dr. Stetler had only treated Ms. Thach three times in a three-month period before rendering the opinions.  (AR 21-22 & n.3.)  Thus, the ALJ sufficiently supported his decision.[1]

    Ms. Thach argues that Dr. Stetler's opinion was entitled to greater weight because Dr. Stetler was her primary care physician; however, Dr. Stetler had no established treatment relationship or history with Ms. Thach.  In his May 2008 opinion, Dr. Stetler specifically highlighted that Ms. Thach "established care less than three months ago" and that Ms. Thach "would warrant an independent evaluation for disability status."  (AR 1535.)  In his June 2008 opinion, Dr. Stetler indicated that his clinic had evaluated Ms. Thach four times, but he personally had only evaluated Ms. Thach twice.  (AR 1527.)  Accordingly, Dr. Stetler's two opinions were rendered at his first and second visits with Ms. Thach.  Furthermore, Dr. Stetler did not indicate that he reviewed Ms. Thach's medical records in either his opinions or his treatment notes.  In fact, as just mentioned, Dr. Stetler specifically stated that he believed an independent

---

[1] The ALJ noted that the treatment records indicated that Ms. Thach experienced some depression and anxiety, but the records indicated her affective disorders were mild, not functionally debilitating.  (AR 20.)

disability evaluation was warranted, indicating that he recognized that he did not have sufficient information regarding Ms. Thach's conditions to reliably assess disability. Thus, Dr. Stetler did not possess the type of "longitudinal picture" of Ms. Thach's conditions as contemplated under the regulations. *See* 20 C.F.R. § 404.1527(d)(2)(1) (the longer and more times a treating source has seen a claimant, the greater the weight to which their opinion may be entitled).

### 2. Dr. Goncharova

The Court next examines Ms. Thach's argument in terms of Dr. Goncharova. In April 2006, Dr. Goncharova opined that Ms. Thach had significant physical limitations, including that during an eight-hour workday, Ms. Thach could only sit for two hours and could stand or walk for zero to one hour. (AR 785.) Dr. Goncharova stated that, at a maximum, Ms. Thach could lift and carry zero to five pounds occasionally. (*Id.*) Dr. Goncharova also indicated that psychological and emotional factors contributed to Ms. Thach's functional limitations. (AR 786-87.)

The ALJ gave Dr. Goncharova's opinion little weight because it was inconsistent with the preponderance of the record evidence, which the ALJ set forth in detail in reviewing the AR.[2]

---

[2]As the Commissioner sets forth in his brief, the record supports the ALJ's reasons for discounting Dr. Goncharova's opinion. Further, Dr. Goncharova's opinions were inconsistent with her own treatment notes. For example, in September 2005, Ms. Thach indicated that she wanted increased Lortab because she was doing a lot around the house (AR 719), and that her back pain

(AR 16-17.)  Thus, as with Dr. Stetler's opinion, the ALJ provided sufficient reasons for his treatment of Dr. Goncharova's opinion.

The Court concludes that the ALJ relied on proper factors in determining how much weight to give Dr. Stetler's and Dr. Goncharova's opinions; the ALJ was sufficiently specific to make clear to the Court the weight the ALJ gave to their opinions, and the reasons for that weight, *see Watkins*, 350 F.3d at 1300; further, the ALJ's reasons were supported by medical evidence, *see Frey*, 816 F.2d at 513.

## ORDER

Based on the above analysis, **IT IS ORDERED** that the Commissioner's decision is **AFFIRMED** because it is supported by substantial evidence and is free of reversible legal error.  Ms. Thach's motion for judgment on the pleadings (Doc. 23) is **DENIED**.

DATED this 25th day of October, 2011.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge

---

significantly improved with epidural injections (AR 720). In June 2006, Dr. Goncharova indicated that Ms. Thach's condition was well controlled and Ms. Thach reported her pain was tolerable with medications.  (AR 1119-20.)